that the intent must be so clear as to be in conformity with the rule that a statute which changes the rule of the common law must be strictly construed, and the latter will be held to be no further abrogated than the clear import of the language used in the statute absolutely requires. Fitzgerald v. Quann, 109 N. Y. 441, 17 N. E. 354. The statute is entirely silent upon the question of the liability of the pledgor, and I can find in it no words which either absolutely require the construction contended for by the respondent, or would under any rule of construction even admit of that interpretation. The judgment should be reversed, and the demurrer overruled.

BIDDLE PURCHASING CO., Respondent, v. SNYDER et al., Appellants. (Supreme Court, Appellate Division, First Department. April 7, 1905.) Action by the Biddle Purchasing Company against Valentine P. Snyder and others. W. F. Goldbeck, for appellants. R. S. Rounds, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BIDDLE PURCHASING CO. v. SNYDER. (Supreme Court, Appellate Division, First Department. April 7, 1905.) Action by the Biddle Purchasing Company against Valentine P. Snyder. No opinion. Motion denied, with $10 costs.

BIRKETT v. NICHOLS et al. (Supreme Court, Appellate Division, Fourth Department. May 10, 1905.) Action by Clarence T. Birkett against James E. Nichols and others. No opinion. Order amended on stipulation.

BLOOM et al., Respondents, v. FLICKINGER, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 3, 1905.) Action by Jacob Bloom and another against Smith M. Flickinger. No opinion. Motion to dismiss appeal granted, with costs, including $10 costs of this motion.

In re BOARD OF EDUCATION. (Supreme Court, Appellate Division, Second Department. April 28, 1905.) In the matter of the application of the board of education, etc. Fernando Wood, petitioner. No opinion. Motion to confirm report of referee granted.

In re BOARD OF EDUCATION. (Supreme Court, Appellate Division, Second Department. May 5, 1905.) In the matter of the application of the board of education, etc., to acquire title by the city of New York to certain lands on the corner of Classon avenue and St. Marks avenue, borough of Brooklyn, etc. No opinion. There should be proof of service of the order to show cause in this matter upon the chamberlain, as required by the terms of the order.

In re BOARD OF EDUCATION. (Supreme Court, Appellate Division, Second Department. May 12, 1905.) In the matter of the application of the board of education, etc., relative to acquiring title to certain lands on the corner of Classon avenue and St. Marks avenue, borough of Brooklyn, etc. No opinion. Reference ordered to John Hill Morgan, Esq.

BOGERT, Respondent, v. BOARD OF EDUCATION OF CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. April 21, 1905.) Action by Frank M. Bogert against the board of education of the city of New York. PER CURIAM. Motion to dismiss appeal granted, with costs, unless the appellant perfect the appeal and pay $10 costs to the respondent within 10 days. On compliance with these conditions, the motion is denied, without costs.

BOWLING GREEN TRUST CO., Respondent, v. DOREMUS, Appellant. (Supreme Court, Appellate Division, First Department. May 20, 1905.) Action by the Bowling Green Trust Company against Henry P. Doremus. A. Smith, for appellant. H. Thompson, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BRADT, Respondent, v. GIBBS et al., Appellants. (Supreme Court, Appellate Division, Third Department. May 16, 1905.) Action by Fred A. Bradt against Alfred C. Gibbs and others. No opinion. Motion denied.

BRADY, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. April 21, 1905.) Action by John Brady against the city of New York. No opinion. Judgment and order unanimously affirmed, with costs.

BRENNAN v. THOMSON. (Supreme Court, Appellate Division, First Department. May 12, 1905.) Action by William Brennan against Mary W. Thomson. No opinion. Motion granted, so far as to dismiss appeal, with $10 costs.

BRIGHTSON, Respondent, v. H. B. CLAFLIN CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 12, 1905.) Action by George E. Brightson against the H. B. Claflin Company. PER CURIAM. Order modified, by providing that it be conditional upon the payment of all the taxable costs and disbursements to the date thereof, together with $10 costs of motion, and, as thus modified, affirmed, without costs of this appeal to either party.

BRINCK, Respondent, v. NORTH GERMAN LLOYD S. S. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 28, 1905.) Action by Chrissie Brinck against the North German Lloyd Steamship Company. No opinion. Judgment and order affirmed, with costs.

BROOKLYN HEIGHTS R. CO., Respondent, v. BROOKLYN CITY R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 12, 1905.) Action by the Brooklyn Heights Railroad Company against the Brooklyn City Railroad Company. No opinion. Motion denied.

In re BROOKLYN UNION ELEVATED R. CO. (Supreme Court, Appellate Division, Second Department. April 21, 1905.) In the mat-